JAMES L. HAYES, complainant and respondent,

*v.*

DANIEL PIERSON, JR., et al., defendants and appellants.*

[Filed November 20th, 1899.]

The rule adverted to in *Landis* v. *Sea Isle City Hotel Co., 31 Atl. Rep. 755* (on appeal, *8 Dick. Ch. Rep. 654*), that directors do not sustain toward creditors of a corporation the relation of trustees, so as to render them liable to such creditors for the negligent management of the ordinary business affairs of the corporation, has no application to the case of a receiver of an insolvent corporation, suing its directors, where the mismanagement, producing insolvency, consists in diverting all the assets of the company to the directors themselves or to a company of which they are the sole stockholders.

On cross-bills.

*Mr. James E. Howell,* for the appellants.

*Mr. Edward A. Day,* for the respondent.

PER CURIAM.

The decree appealed from is affirmed upon the grounds stated by Vice-Chancellor Stevens, who delivered the following opinion:

This is a bill filed by the receiver of the Celluloid Emery Wheel Company against Daniel Pierson, Jr., and Albert C. Courter, two of its directors, and against the Electric Emery Wheel Company, a corporation of which Pierson and Courter are directors and stockholders.

The receiver charges that the defendants, Pierson and Courter, violated the trust reposed in them as directors of the celluloid company in two particulars.

* This opinion was omitted from its proper place in *14 Dick. Ch. Rep.* —REP.

In the first place, it is said that they concurred in giving to Pierson, as president of the celluloid company, an excessive salary.

In the second place, it is said that, as executive officers of that company, they entered into a contract with the electric company (of which they were directors and sole stockholders), the purpose and effect of which was to divert the business and assets of the celluloid company to the electric company, and that one of the means by which this diversion was effected was a fraudulent suit, based on an alleged breach of the above contract, resulting in a judgment against the celluloid company and an execution and sale of its tangible assets to the electric company.

The case was heard on the pleadings and proofs. At the hearing the complainant called witnesses to sustain the allegations of his bill. The defendants called no witnesses to disprove the complainant's charges. They took the position that as the salary was voted and the contract was made while the celluloid company was a going concern and solvent, the directors did not then sustain toward the creditors of the company the relation of trustees, and that they are not liable to account to the creditors or to their representative, the receiver, for their management or mismanagement of its affairs. The authority cited was *Landis* v. *Sea Isle City Hotel Co., 31 Atl. Rep. 755;* on appeal, *8 Dick. Ch. Rep. 654.*

The rule thus formulated may, in general, be true, but it has no application to a case in which the mismanagement, producing insolvency, consists in diverting all the assets of the company to the directors themselves or to a company of which they are the sole stockholders. For such a breach of trust the receiver may, I think, sue for the benefit of creditors.

Besides, the argument rests upon the assumption that the right of the receiver is identical with that of the creditor. This is not the case. The receiver is, it is true, the representative of creditors, but he is also the representative of the corporation and of its stockholders. If either the corporation or its stockholders may inquire into the acts charged in this bill the receiver may. It is averred in the answer that there are four stock-

holders of the company, viz., the defendants, Courter and Pierson, who each hold one hundred shares; one Zimmerman, who holds one hundred shares, and one Beecher, who holds three shares. As to Zimmerman, it is said that he concurred with Courter and Pierson in doing the illegal acts charged. On the question whether he did or did not, there is another suit now pending in this court. It is not pretended that Beecher concurred. The case as to him is, beyond any question, within the rule laid down in *Gardner* v. *Butler, 3 Stew. Eq. 702.* Besides this, it seems to be clear that, as the representative of the corporation, the receiver is at least entitled to recover such sum as may be necessary to defray the expenses of the receivership. An account is therefore clearly demandable.

Nearly everything is in dispute in this case. It is disputed whether the stockholders are estopped from questioning the acts of Courter and Pierson; it is disputed whether the corporation is indebted in anything but a small sum of money; it is not known what the costs of administration will be; moreover, the evidence upon which to base a final decree is wanting.

The defendants have not shown why Pierson's salary was doubled shortly before the company appears to have almost altogether ceased business and thereafter continued at the same rate; they have not attempted to show and it does not appear what would have been fair compensation for the service actually rendered. It is not clearly shown to what extent, if at all, the electric company profited by entering into the contract. Under these circumstances it is hardly possible to do more at present than to send the case to a master with directions as to the mode in which the account shall be taken.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, GUMMERE, COLLINS, LIPPINCOTT, LUDLOW, BOGERT, ADAMS, NIXON, HENDRICKSON, VREDENBURGH—13.

*For reversal*—None.