HARRY M. NATHAN et al.

*v.*

WILBERT M. BACON et al.

[Submitted February 26th, 1909.　Decided March 4th, 1909.]

1. On a bill for closing the affairs of a partnership admittedly dissolved, a receiver will be appointed only when it appears necessary to protect the interests of the parties.

2. At the dissolution of a partnership, the powers of the partners over the assets continue only so far as is necessary to wind up the firm affairs.

3. Where some of the members of a partnership upon dissolution hold possession of all the assets, and conduct the business under claim of sole ownership, and not for the purpose of winding up the firm affairs, unwarrantably assuming power under the partnership agreement to have the assets appraised and extinguish the other members' interest in the assets by tendering them one-third of the amount of the appraisement, the other members of the firm are entitled to a receiver to wind up the affairs.

On bill for receiver of a partnership and an accounting.

The bill is filed by two of the four partners who comprise a commercial copartnership with its place of business at Bridgeton, New Jersey, and seeks the appointment of a receiver to wind up the business and also an accounting by the two defendant partners, who are in possession of the assets of the business. The controversy between the parties arises from the fact that defendants claim that the partnership terminated February 1st, 1909, under the terms of the partnership agreement, whereas complainants claim that the partnership agreement contemplates the continuance of the partnership until September 26th, 1910. The bill sets forth that the partnership was originally formed February 1st, 1904, pursuant to a written partnership agreement, a copy of which is attached to the bill. By the terms of that agreement the partnership was to continue for a period of five years from that date. The bill further avers that on Sep-

tember 26th, 1905, a new written partnership agreement was
made wherein it was provided that an additional line of mer-
chandise should be added to the business and that the partner-
ship should continue for five years from that date. A copy of
that agreement is also annexed to the bill. Defendants claim
that the provision in the later agreement for the partnership
to continue five years from its date was intended to refer to a
period of five years from the date of the first agreement. The
two agreements are practically identical except as to the added
scope of the business to be engaged in as contained in the later
agreement. By the terms of the partnership agreement defend-
ants were to be the active partners and were to have the entire
management and control of the business and were to draw from
the profits of the business a weekly stipend for their services.
Complainants had no duties to perform except to contribute a
specified amount to the capital. The respective partners have fully
complied with all of the terms of the agreement up to February
1st, 1909. Complainants' interests in the partnership are one-
sixth each and defendants' interests are one-third each. The
agreement contains no provision touching the manner in which
the partnership business shall be closed out at the expiration of
the term. On December 11th, 1908, defendants, by letter, noti-
fied complainants that as the partnership would expire February
1st, 1909, and be then dissolved, they would begin preparation
for dissolution by reduction of stock and collection of debts, and
beginning January 20th, 1909, they would take account of stock
and otherwise prepare for a full and complete severance of
partnership relation, and invited complainants to co-operate.
On January 23d, 1909, defendants by another letter notified
complainants that stocktaking had commenced pursuant to the
former notice and would be resumed January 26th, 1909, and
that unless complainants appeared, three disinterested appraisers
would be appointed by defendants to take stock, commencing
January 27th, 1909. Complainants protested against the pro-
posed course of defendants and demanded a continuation of the
partnership pursuant to the terms of the partnership agreement
until September 26th, 1910, which date complainants claim to

be the date for the termination of the partnership. Defendants, however, completed the inventory of assets as proposed and forwarded a copy to complainants and a certified check for complainants' interest as ascertained by the appraisement, and notified complainants that they would no longer be recognized as having any interest in the partnership. The check was returned by complainants with a notice that they protested against the action of defendants and insisted upon a fulfillment of the partnership agreement until the end of the term. Since February 1st, 1909, defendants have been conducting the business as their own under claim of sole ownership by reason of the tender of the certified check referred to.

The bill asserts that by reason of the foregoing facts the copartnership is dissolved and that complainants are entitled to an accounting of the assets and profits that have accrued and which would hereafter have accrued during the balance of the term, and seeks the appointment of a receiver to close out the business, and the issuance of an injunction against further acts of defendants.

The cause has been heard at the return of an order to show cause on bill, answer and cross-bill and affidavits.

*Mr. William T. Boyle,* for the complainants.

*Mr. Walter H. Bacon,* for the defendants.

LEAMING, V. C.

The only question for determination at this time is whether a receiver should be appointed to take possession of the assets of the business. Should a receiver be appointed the injunction which complainants seek would appropriately accompany the order appointing the receiver.

The partnership in question is now at an end so far as the future prosecution of the partnership business as such is concerned. This is admitted by both complainants and defendants. Defendants assert that it is at an end by the expiration of the term agreed upon for its continuance; complainants assert that

it has been dissolved by reason of defendants' conduct. It has been held in some states that on a bill for closing the affairs of a partnership, when it is admitted that the firm has been dissolved, the appointment of a receiver follows as a matter of course; but in this state that rule has not been adopted. It has here been repeatedly held that in such case a receiver will be appointed only when it appears necessary to protect the interests of the parties. *Renton* v. *Chaplain,* 9 N. J. Eq. (1 Stock.) 62; *Birdsell* v. *Colie,* 10 N. J. Eq. (2 Stock.) 63; *Cox* v. *Peters,* 13 N. J. Eq. (2 Beas.) 41; *Randall* v. *Morrell,* 17 N. J. Eq. (2 C. E. Gr.) 343; *Warwick* v. *Stockton,* 55 N. J. Eq. (10 Dick.) 61, 67. I am convinced, however, that in this case the appointment of a receiver is necessary to properly protect the interests of the parties. At dissolution the powers of the partners over the partnership assets continue only so far as is necessary for the purpose of winding up the affairs of the partnership. Defendants are now in possession of all of the assets and are conducting the business under claim of sole ownership and not for the purpose of winding up the partnership affairs. They are proceeding upon the assumption that it was their right, at the end of what they conceived to be the partnership term, to have the assets appraised and to extinguish the interest of complainants by tendering to complainants one-third of the amount of the appraisement. They thus assumed the power to compel complainants to sell to them for that amount. There is nothing in the partnership agreement or in the nature of the partnership which confers upon defendants any such privilege. In this unfortunate situation I can see no way to fully protect the interest of the parties without the appointment of a receiver to wind up the affairs of the business.

I will advise an order for the appointment of a receiver and for the issuance of an appropriate injunction to secure to the receiver complete control of the assets.