DeLONG *v.* MARSTON.

1. PARTNERSHIP—DISSOLUTION—RECEIVER—EVIDENCE.

   In suit by limited partner against general partners for dissolution, accounting, appointment of a receiver and for injunctive relief, where parties agree that firm should be dissolved, appointment of receiver *held*, justified under record disclosing attitude of mutual distrust on part of the respective parties.

2. PARTIES—REAL PARTY IN INTEREST—SUBSTITUTION.

   If a suit is brought in the name of a party only nominally interested in it rather than the real party in interest, it is within the power of the trial court to add or substitute as a party plaintiff the actual parties, rather than dismiss the bill.

3. Same—Substitution—Supreme Court.
   A change or substitution of parties may be made in the Supreme Court (Court Rule No. 72 [1933]).

4. Receivers—Appointment—Limited Partnership—Record.
   Circumstances disclosed in record on appeal from order appointing receiver *pendente lite* in suit to dissolve a limited partnership, for an accounting, appointment of receiver and injunctive relief, *held*, not to justify vacation of order appointing receiver *pendente lite* because of defendants' claim that (1) no equity appeared in the bill, (2) that plaintiff did not have legal capacity to sue, (3) that suit was not brought in name of real party in interest, or (4) that relief sought is unenforceable under statute regulating doing business under an assumed or fictitious name (2 Comp. Laws 1929, § 9825 *et seq.*, as amended by Act No. 274, Pub. Acts 1931).

5. Appeal and Error—Questions Reviewable—Appointment of Receiver.
   Where order appointing receiver *pendente lite* is not vacated on appeal therefrom, intervening receiver's motions to dismiss appeal and to supplement record filed incident to the appeal, which were filed during pendency of appeal, are not passed upon and are dismissed, without costs.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 4, 1944. (Docket No. 20, Calendar No. 42,465.) Decided February 24, 1944. Rehearing denied April 7, 1944.

Bill by Eleanor DeLong against Harry Marston and others to terminate a partnership, for the appointment of a receiver, and to have decree that the assets of the partnership belong to plaintiff. Equitable Trust Company was appointed receiver. Defendants appeal. Affirmed and remanded for further proceedings.

*Harry Z. Marx*, for defendant.

*Douglas, Barbour, Desenberg & Purdy*, for Equitable Trust Company, intervener.

North, C. J.   This is an appeal from the order of the circuit judge appointing a receiver *pendente lite.* The bill of complaint, filed February 23, 1943, seeks dissolution of a limited partnership created under the name of Tools, Dies & Jigs Company. This will require an accounting. The bill also seeks appointment of a receiver and injunctive relief. The certificate of limited partnership is dated June 23, 1942, and the partnership agreement July 14, 1942. A copy of each is attached to the bill of complaint. From the above instruments it appears that defendants Harry Marston and Fred G. Christensen are general partners and plaintiff Eleanor DeLong a limited partner. The business was the manufacture and sale of tools, dies, machinery, equipment, et cetera. The partnership agreement recites:

"That Eleanor DeLong, one of the partners, furnished $10,000, the major portion of which was used to purchase the machinery and equipment.  *  *  * That a first mortgage of $10,000 is to be given by the limited partnership to Eleanor DeLong, as security for the investment of the said $10,000."

It further appears from the record that in the conduct of the business defendants Marston and Christensen, who were experienced tool and die makers, were to have charge of what might be termed the operating or mechanical phase of the enterprise; and that one John P. Denison was to have charge of "the office and administration." The business was carried on until February, 1943, when, as is alleged in the bill of complaint, defendants Marston and Christensen "seized control of the entire premises and the assets  *  *  *  and physically prevented said John P. Denison and James E. Frazer from entering said premises, or taking

any action in connection with the business.'' In short the bill alleges that plaintiff, who obviously in this business was acting through or for John P. Denison, had been excluded by defendants from participating in the limited partnership's business.

Defendants Marston and Christensen in their answer to the bill of complaint deny the essential allegations therein and affirmatively set up misconduct on the part of Denison as follows:

"Further * * * these defendants aver that the said John P. Denison attempted to gain all of the right, title and interest of these defendants in and to said business; that he collected all of the moneys on their account, made all the payments of invoices; * * * and the said John P. Denison has never given a true, accurate and complete account to these defendants of the moneys which he now holds in trust for them. They aver that the said John P. Denison, upon information and belief, has now in his possession moneys and assets belonging to them in sums amounting to upwards of $15,000.''

From the foregoing, as well as other matters appearing in the record, it is obvious that, as plaintiff prays in the bill of complaint and defendants allege in their answer, this limited partnership should be dissolved. It is also clearly apparent that in view of the attitude of the respective parties toward each other, as disclosed by the record, the appointment of a receiver is essential to orderly dissolution of the limited partnership. Upon the filing of the bill of complaint an order to show cause why a receiver should not be appointed was served on defendants Marston and Christensen. They answered the bill of complaint, appeared at the hearing of the order to show cause, and opposed the appointment of a receiver *pendente lite*. As noted above, a receiver

was appointed and defendants Marston and Christensen have appealed. The receiver appointed, the Equitable Trust Company, has qualified and has been functioning as a receiver. For the reasons suggested, which clearly indicate the necessity for a receiver, we are of the opinion that the order making such appointment should not be vacated.

In so holding we are mindful of defendants' objections about to be noted. Simultaneously with their answer defendants Marston and Christensen made a motion to dismiss the bill of complaint for the following reasons: (1) that no equity appears in the bill; (2) that plaintiff does not have legal capacity to sue; (3) that the suit was not brought in the name of the real party; and (4) that the relief sought is unenforceable under the statute regulating doing business under an assumed or fictitious name. 2 Comp. Laws 1929, § 9825 *et seq.*, as amended by Act No. 274, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 9825 *et seq.*, Stat. Ann. § 19.821 *et seq.*). From the original court files it appears the motion to dismiss was denied April 27, 1943. Much the same questions, though stated in different form, are presented by appellants on this appeal from the trial court's order appointing a receiver *pendente lite.*

Appellants contend that plaintiff's real name is Eleanor McIntyre, though before her marriage her name was Eleanor DeLong; and they assert that Eleanor DeLong has no interest in the subject matter of this suit. An affidavit of defendant Marston appears in this record in which he states: ''He conferred with the plaintiff in this cause, * * * that in said conference the said plaintiff informed this defendant that she knew nothing about the above-entitled cause and had not authorized its institution. She further informed this defendant that

she had no financial interest in any of the trans-
actions and had advanced no sums of money.'' The
contents of this affidavit have not been denied. But
the bill of complaint was signed and verified in the
name of Eleanor DeLong by James E. Frazer, as
her attorney in fact.  There is no showing that
Frazer is not plaintiff's attorney in fact.  In swear-
ing to the bill of complaint Frazer stated ''that he
signed the foregoing bill of complaint on behalf of
the plaintiff therein, as her attorney in fact, and is
duly authorized so to do.''  From the record it is
possible and seemingly quite probable that the real
party in interest as plaintiff in this case is John P.
Denison, at times doing business as John P. Denison
Company.  Appellants assert Frazer was Denison's
attorney.  Notwithstanding the foregoing, in this
suit in equity it may well be doubted whether de-
fendants Marston and Christensen at this late date
may successfully take the position above indicated.
They entered into a partnership agreement with
Eleanor DeLong then acting through James E. Fra-
zer as her attorney in fact; they joined with her in
a certificate of limited partnership under the same
name, signed by Frazer as attorney in fact; $10,000
of working capital was furnished in the name of
Eleanor DeLong; and a chattel mortgage for that
amount was given to Eleanor DeLong.  All this
was done at a time when the contents of the record
before us quite persuasively show that John P.
Denison was the real party in interest acting in
the name of Eleanor DeLong.  Appellants must
have known Denison was financing the enterprise.
The original court files show he was joined as a
party plaintiff April 2, 1943.  If this suit was
brought in the name of a party who is only nominally
interested rather than being the real party in inter-
est, it was in the power of the trial court to add or

substitute as a party or parties plaintiff the actual parties, rather than to dismiss the bill. Under Court Rule No. 72 (1933) a change or substitution of parties might even be made in this Court. We think all questions raised by appellants on this appeal can be more appropriately considered and disposed of at the hearing of the main case upon the merits. We do not deem any of the grounds relied upon by appellants sufficient, under the circumstances of this case, to justify vacating the order appointing a receiver *pendente lite*.

While this appeal has been pending in this Court the receiver, as an intervener, has filed a motion to dismiss this appeal and also a motion to supplement the record filed incident to the appeal. In view of our holding, as above indicated, it is unnecessary to pass upon either of these motions. They will be considered as dismissed without costs. The order appointing the receiver *pendente lite* is affirmed, with costs to intervening appellee. The case is remanded to the circuit court for further proceedings.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.