This matter came before me on an order to show cause why a receiver should not be appointed and also on a motion to dismiss the bill of complaint on the following grounds:
1. That upon the face thereof the bill of complaint is vague, indefinite, insufficient and does not state a cause of action of which the court should take cognizance.
2. That the bill of complaint is without equity.
3. That it appears from the bill of complaint that no partnership liabilities remain unpaid, and all partnership transactions are completed, leaving only the ascertainment of the amount due to each partner.
4. That the bill of complaint possesses no feature justifying the retention of the cause by a court of equity.
The matter was before me previously and I filed an opinion vacating the appointment of the receiver ex parte and charged the defendants as trustees of this court and held them accountable for the partnership property until the further order of this court to the end that said property should be considered as being in custodia legis.
The affidavits of the complaint support the allegations of the bill and lead to the conclusion that a decree of dissolution and the liquidation and distribution of the assets and an accounting should be granted. That relief is not changed by the affidavits of the defendant. The granting of such relief is of equitable cognizance both inherently and by statute. See R.S. 42:4-1 etseq.
The third ground, above urged by defendants for dismissing the bill, is that no partnership liabilities remain unpaid and that only the amount due to each partner is still to be determined. This contention is without merit. R.S. 42:4-2 states:
"When an application is made to the court of chancery involving the dissolution of a partnership, with a view to a distribution of assets amongst creditors and others entitled thereto, the court may, c."
Assuming that this statute is not declaratory of the already existing law, it cannot be said that this court is to have jurisdiction *Page 578 
of the dissolution of a partnership only when the rights of creditors are involved and that it does not exist when only the assets of the partnership are to be distributed among the partners. The statute contains the words, "and others entitled thereto" which obviously includes partners.
Therefore, the defendants' motion to dismiss the bill will be denied.
The other question left for determination is whether a receiver should be appointed to take possession of the assets of the business. If a receiver is appointed an injunction will necessarily accompany such an order.
Both complainant and defendants admit that the partnership is now terminated as far as the conduct of the partnership business is concerned.
In the case of Natan v. Bacon, 75 N.J. Eq. 401, 404,
Vice-Chancellor Leaming said:
"It has been held in some states that on a bill for closing the affairs of a partnership, when it is admitted that the firm has been dissolved, the appointment of a receiver follows as a matter of course; but in this state that rule has not been adopted. It has here been repeatedly held that in such case a receiver will be appointed only when it appears necessary to protect the interests of the parties. Renton v. Chaplain, 9 N.J. Eq. (1Stock.) 62; Birdsell v. Colie, 10 N.J. Eq. (2 Stock.) 63;Cox v. Peters, 13 N.J. Eq. (2 Beas.) 41; Randall v.Morrell, 17 N.J. Eq. (2 C.E. Gr.) 343; Warwick v.Stockton, 55 N.J. Eq. (10 Dick.) 61, 67. I am convinced, however, that in this case the appointment of a receiver is necessary to properly protect the interests of the parties. At dissolution the powers of the partners over the partnership assets continue only so far as is necessary for the purpose of winding up the affairs of the partnership."
In the pending case, the partners voluntarily liquidated and distributed among themselves some of the partnership personalty. The remaining assets, consisting of real estate valued at $45,000 and accounts receivable of about $2,000, have not been liquidated or distributed and the partners cannot agree upon the distribution. They cannot agree on a price or a purchaser for these assets. In the meantime taxes, *Page 579 
insurance premiums and other current charges accrue and will continue to do so until liquidation and distribution takes place. I am, therefore, convinced that the appointment of a receiver is necessary to protect the interests of all the parties.
The sale of the partnership assets and their distribution to those entitled thereto can be effected more expeditiously by means of a receiver than by partition proceedings. The defendants' counter-claim for partition will be dismissed. SeeRule 28 of this court. The situation, as exhibited by the bill of complaint was in existence for sometime before the complainant filed his bill and the defendants took no action to remedy it. Equity aids the vigilant.
I will advise an order in accordance with these views and the restraint heretofore lifted will be reimposed.