**TURNERS, INC., Appellant,**

v.

**Otto KLAUS, Appellee.**

No. 13648.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 16, 1960.

Rehearing Denied Dec. 14, 1960.

Clinton G. Brown, Jr., San Antonio, for appellant.

Jack F. Ridgeway, San Antonio, for appellee.

POPE, Justice.

This is a suit for the recovery of unpaid salary. Otto Klaus, plaintiff, sued Turners, Inc., and recovered judgment for $6,900 for unpaid salary as manager, and for $3,000 attorney's fees. Turners, Inc., urges that its by-laws, under which Klaus claims, included a limitation upon the power of Klaus, while manager of Turners, Inc., that "he shall not incur any debts without the prior approval of the board of directors," which approval was never obtained. It urges also that it was entitled to a judgment on the verdict.

Klaus served Turners, Inc., a social club, as its manager for twenty-two years. Under the corporate by-laws the manager was employed by the general membership at a salary of $75 per week.[1] During 1953, over Klaus' objection, the Club borrowed $12,000 from Hermann Sons to make improvements. The Club had difficulty making payments on the loan and also paying the current salaries, so Klaus dropped himself from the payroll and drew only a car allowance. Klaus stated that he deferred paying himself the salary provided by the by-laws. From July 14, 1953, until the Club's loan was repaid in June, 1958, Klaus drew no salary but performed all his duties. In September, 1958, he was discharged, and he filed this suit for back salary in the sum of $15,375. The defendant pleaded the two-year statute of limitations, which explains the judgment for the lesser amount.

Klaus sought recovery on both a theory of quantum meruit and express contract. On the quantum meruit theory, the jury found that the reasonable value of Klaus' services was $75 per week, but also found against him by finding that during the period for which he did not draw his salary he did not intend that the Club would pay him the salary after the Hermann Sons' note was paid. A contract implied in fact arises when "the acts of the parties are such as to indicate * * * a mutual intention to contract, as where one accepts the tendered service of another under circumstances justifying the inference that such other expected to be paid for such services." Marr-Piper Co. v. Bullis, Tex.

[1]. "Section 1. There shall be elected by the membership, a manager, who shall be paid the sum of $75 per week for his services. He shall retain his position at the will and pleasure of the membership, which said members at a Regular Annual Membership Meeting, after 30 days notice, may terminate the said services of said manager. The manager shall have full power to act for and in behalf of Turners, and shall have full charge and control of all of the activities and premises of the club, provided however, he shall not incur any debts without the prior approval of the board of directors, and shall not make any major changes without having had in advance the approval of the board of directors for said change or changes."

Com.App., 1 S.W.2d 572; Kuhlmann's Estate v. Poss, Tex.Civ.App., 220 S.W. 564; Southwestern Portland Cement Co. v. Latta & Happer, Tex.Civ.App., 193 S.W. 1115, 1125; 13 Tex.Jur.2d, Contracts, § 5. The evidence in support of the finding is that the unpaid salary never appeared on the books and Klaus as manager knew that fact. An annual audit was made by independent auditors, but the annual reports never showed any accrued or unpaid salary owing Klaus. Klaus at no time entered any objection to the reports made to the Club. The verdict therefore defeats a recovery based on quantum meruit.

██ Klaus also relied upon an express contract by reason of the salary provisions contained in the by-laws themselves. By-laws may constitute an express contract to pay a salary. Brown v. Galveston Wharf Co., 92 Tex. 520, 50 S.W. 126; Green v. Felton, 42 Ind.App. 675, 84 N.E. 166; Carter v. Louisville Ry. Co., Ky., 36 S.W.2d 836; accord, Mooney v. Willys-Overland Motors, Inc., 3 Cir., 204 F.2d 888, 39 A.L.R. 2d 566. The by-laws authorized the manager's salary by providing that he "shall be paid the sum of $75 per week for his services." The by-laws also limited his powers by providing that "he shall not incur any debts without the prior approval of the board of directors * * *." There is no dispute over the legal principle that by-laws may limit the manager's powers. Art. 2.42, Business Corporation Act, V.A.T.S. There is a dispute over the meaning of the term "incur any debts," and we must determine that from the context of the phrase. "Incur'" means "bring on", "occasion", or "cause". Schwab v. Schlumberger Well Surveying Corp., 145 Tex. 379, 198 S.W.2d 79, 168 A.L.R. 1074; Ashe v. Youngst, 68 Tex. 123, 125, 3 S.W. 454, 455; Maryland Casualty Company v. Thomas, Tex.Civ. App., 289 S.W.2d 652, 655; 20-A Words and Phrases, Incur, p. 454.

The question, therefore, is whether the debt was already incurred but merely unpaid, or whether it was the non-payment which incurred the debt. In our opinion,

the former interpretation is the true meaning. The by-laws authorized employment of a manager to work a week for $75. Klaus, in working for a week, earned $75 which defendant then owed. This much was contemplated by the by-laws. Whether defendant paid it or not, this debt for one week was owing. It was, therefore, the by-laws which contemplated, brought on, occasioned, or caused this debt or obligation to arise week by week, as Klaus performed his work. Whether defendant was able to discharge its debt as it arose weekly is immaterial to whether the debt was in fact incurred. Otherwise, the by-laws would receive the unreasonable interpretation that it was the non-payment of the amount already owing which gave rise to the existence of a debt. It would also unreasonably mean that defendant owed for the weeks that it had money to pay the debt; but for weeks it was short of cash, Klaus was to work for nothing. This is beyond the ordinary meaning of such an employment contract. Plaintiff's action, therefore, was for non-payment of a series of debts, each of which was first incurred and then unpaid; and not, as defendant reasons, for debts which were brought into being by non-payment. While distinguishable, City of San Antonio v. Beck, Tex. Civ.App., 101 S.W. 263, 265, was ultimately decided upon the basis that unpaid salaries of city employees were debts which "arose by virtue of the provisions of the charter itself." In other words, the debt existed before the non-payment, and non-payment did not create the debt.

Defendant's other point is that the findings of the jury entitled it to judgment. The facts proving an express contract through the by-laws and performance are undisputed, and if the defendant can overcome them, it must be upon its defense that Klaus is estopped to rely upon that contract. That defense was pleaded and submitted to the jury, but the defendant failed to obtain jury answers which support the defense. The jury found against defendant by answering that Klaus did not lead de-

fendant to believe that he was working without pay. Conditionally submitted was an issue inquiring whether defendant, but for the belief that Klaus was working for nothing, would not have permitted the plaintiff to remain in its employ. That issue was unanswered because of the negative answer to the prior issue. Defendant, therefore, failed to obtain answers which would have entitled it to a judgment on the verdict.

Defendant argues also that it is entitled to a reversal because of the exclusion of a letter from Klaus to the Veterans Administration in which he admitted that his employment terminated August 31, 1954. The trial court properly sustained an objection to the letter on the grounds that it pertained to a claim and was privileged. Title 38, § 3301, U.S.C.A.; Kassow v. Robertson, Ohio Com.Pl., 143 N.E.2d 926. Defendant failed to prove that it complied with the necessary procedural steps by obtaining permission of the Administrator of Veterans Affairs. Title 38, § 3302, U.S.C.A.

The judgment is affirmed.