149 N.J. Super. 162 (1977)
373 A.2d 442
STANLEY N. SILVERMAN, ET AL., PLAINTIFFS,
v.
WALTER KOLKER, ET AL., DEFENDANTS. IRVING MORRIS, RECEIVER, ETC., PLAINTIFFS,
v.
UNITED COUNTIES TRUST CO., ETC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 6, 1977.
*163 Mr. Irving Morris, for plaintiff, pro se, and for receiver, pro se.
Mr. Kenneth L. Estabrook, for defendant United Counties Trust Co. (Messrs. Lindabury, McCormick & Estabrook, attorneys).
DWYER, J.S.C.
Defendant United Counties Bank, a New Jersey banking corporation (United), among other motions in two related actions, moved to dismiss each on the grounds that plaintiff Irving Morris, receiver for 320 South Harrison Associates (Associates), a limited partnership organized under N.J.S.A. 42:2-1 et seq., had no standing to sue because he was appointed receiver on the application of one of the limited partners for dissolution, and there was no provision in the Limited Partnership Act, N.J.S.A. 42:2-1 et seq., for the appointment of a receiver.
In the first action wherein the receiver was appointed, he proceeded by an order to show cause, supported by certified statement, why United should not turn over to him certain bank accounts which stood in the name of Associates or the account balances whose funds came from an account which was in the name of Associates and transferred *164 to said other accounts and were not changed by other deposits.
In the second action the receiver, pursuant to a special order of the appointing court proceeded by separate plenary action both as receiver for Associates and as receiver for 320 South Harrison Corp., a New Jersey corporation, against United and others seeking to recover $97,500 rent security deposits placed in a savings account by Associates at Springfield State Bank, a New Jersey bank, and allegedly converted, and on a separate count for $100,000 obtained by United from purchasers of real estate from Associates prior to closing for discharging a $1,150,000 mortgage assigned to United by Springfield.
This opinion is limited to the power of the court to appoint a receiver for a limited partnership upon the application for dissolution of a limited partner, and the power of such a receiver to sue to recover assets and to sue to recover damages.
A court of equity has power to appoint a receiver of a partnership, see 3 Clark, Receivers (3 ed. 1959), § 911 et seq. Defendant's contention is that since no statute makes provision for the appointment of a receiver of a limited partnership, in contrast to the express statutory provision authorizing the appointment of a receiver for a limited partnership association, N.J.S.A. 42:3-19, the court is precluded from appointing a "statutory" receiver[1] and, inferably, any receiver, for the purpose of dissolving the partnership.
Although the statute pertaining to limited partnerships, N.J.S.A. 42:2-1 et seq., does not make explicit provision for the appointment of a receiver upon the application of a limited partner, it does grant to a limited partner the *165 same right as a general partner to have dissolution and winding up by decree of court. N.J.S.A. 42:2-13 gives to a general partner of a limited partnership all the rights and powers of a general partner in a partnership without limited partners, subject to several exceptions not here relevant. N.J.S.A. 42:1-32(1) gives a partner of a partnership the power to apply for a judgment of dissolution for the grounds there stated. There is no question but such grounds exist in this matter. N.J.S.A. 42:4-1 et seq. provides for the dissolution of partnerships and states:
This article is remedial, provides additional remedies, and shall be liberally construed to effect its purpose, which is to permit the Superior Court speedily to dispose of actions involving dissolution of partnerships and the distribution of assets, and to prevent the acquisition of liens and preferences after the commencement of an action looking toward the distribution of the assets of a partnership amongst creditors. It shall not be so construed as to deprive the Superior Court of any of its existing jurisdiction. [Emphasis supplied]
N.J.S.A. 42:4-7 provides for the appointment of a receiver in connection with the dissolution of a partnership, "with a view to ultimate distribution amongst creditors and others entitled to participate therein."
It is clear from the above that equity may appoint a receiver for a partnership under the applicable statutes.
It is well settled law that a partner cannot in an action at law, sue another partner for the recovery of money or property advanced by the firm and vice versa. The inability of a firm to sue one of its members, and vice versa, arose from the circumstances that, in an action by a firm against one of its members, and vice versa the member in question must be both plaintiff and defendant. Today a court of equity will not allow a partner to derive advantage from his own misconduct by compelling his co-partner to submit to continued wrong, but, rather than permit an improper advantage to be taken of a rule designed to operate for the benefit of all parties, courts will interfere in modern times and appoint a receiver where formerly they would have declined to do so. [3 Clark, op. cit., at 1682] *166 See and compare, Fishman v. Fishman, 141 N.J. Eq. 576 (Ch. 1948); Hamilton v. Hood, 138 N.J. Eq. 485 (E. & A. 1946); 4 Pomeroy, Equity Jurisprudence (5 ed. 1941), § 1333.
There is no reason why a limited partner should be precluded from seeking this type of relief when warranted by the circumstances.
In Lust v. Kolbe, 31 Md. App. 483, 356 A.2d 592, 589 (Ct. Spec. App. 1976), the court observed that "a court of equity may appoint a receiver for the purpose of dissolving a limited partnership * * *," citing for authority the Maryland version of the Uniform Limited Partnership Act, Md. Ann. Code, Corporations and Associations Act, § 10-109 (a)(3), of which the relevant sections are identical to New Jersey's version of the act. Implicit in that court's holding is the logic that if a limited partner has the right to have the partnership dissolved by court decree, the court must necessarily possess the ability to implement the dissolution in a just and orderly fashion, insuring the protection of the rights of not only the litigants but of all parties with an interest in the partnership. The receiver functions as an arm of the court, Scranton, etc., Co. v. Neonlite Corp. of America, 105 N.J. Eq. 708 (Ch. 1930). He is an officer of the court and operates under its direction, 1 Clark, op. cit., § 11(a); his powers are fixed not by law but by the order of his appointment, Id. § 43. There is no basis in reason to conclude that the court must be deprived of this valuable right or power in the administration of its duties in respect to limited partnerships.
In the Michigan case of DeLong v. Marston, 308 Mich. 63, 13 N.W.2d 209 (Sup. Ct. 1944) an application was made by order to show cause and complaint for the appointment of a receiver. The entity involved was a limited partnership and the applicant a limited partner. The trial judge appointed a receiver pendente lite and the partners appealed his appointment. The Michigan Supreme Court held that in a situation like the one before it, where the *167 limited partnership was fraught with internal difficulties, it should be dissolved, and in view of the attitudes of the respective parties toward each other the appointment of a receiver was essential to the orderly dissolution of the limited partnership. It should be noted that while the appeal dealt only with the appointment of a pendente lite receiver, the court made specific reference to the appointment of the receiver for the purpose of dissolution.
In Bettis v. Leavitt, 236 Ga. 213, 223 S.E.2d 88 (1976), the Georgia Supreme Court upheld a proceeding wherein the trial judge, after adjudging a limited partnership dissolved ordered that a receiver take charge of the assets of the partnership and sell them. It is significant that both these jurisdictions had adopted the Uniform Limited Partnership Act prior to the occurrence of the facts giving rise to the subject litigation: Michigan in 1931, M.C.L.A. §§ 449. 201-449.231, and Georgia in 1952, Code §§ 75-402 to 75-431.
Based on the above the court concludes that it has power to appoint a receiver for the dissolution of a limited partnership upon the application of a limited partner.
There now remains the question of whether the receiver, having been so appointed, has the authority to bring the subject proceedings.
On July 29, 1976 an order was entered in the first action appointing a receiver for 320 South Harrison Associates and authorizing him to "take into his possession all the real and personal property * * * of said defendants," * * * and ordering him to "liquidate the assets of the Partnership at the earliest opportunity to the respective parties * * *." By that order the court authorized the receiver to bring the within action.
As set forth above, an equity court may appoint a receiver to dissolve a limited partnership, notwithstanding the lack of express authority in the relevant statute. This authority should be exercised with great carefulness and caution, 4 Pomeroy, op. cit., § 1333, and great circumspection, *168 1 Clark, op. cit., § 49. The appointment of a receiver is a remedy, not a right, and therefore is subject to the discretion of the court. 1 Clark, § 48. Whether the appointment of this receiver was a prudent exercise of that discretion is a question not here presented. The appointment has been made and, as stated above, this court did have the power to so appoint.
The authority of a receiver to institute separate legal process to protect his charge and to fulfill his duties has for many years been recognized in this jurisdiction, Williams v. Boice, 38 N.J. Eq. 364 (Ch. 1884); Wilkinson v. Dodd, 40 N.J. Eq. 123 (Ch. 1885); Davis v. Thomas & Davis Co., 63 N.J. Eq. 572 (Ch. 1902); Hayes v. Pierson, 65 N.J. Eq. 353 (E. & A. 1899); Mills v. Hendershot, 70 N.J. Eq. 258 (Ch. 1905); Holcombe v. Ames, 87 N.J. Eq. 486 (Ch. 1917); Rogosin v. City Trust Co. of Passaic, 107 N.J. Eq. 79 (Ch. 1930); Grobholz v. Merdel Mtg. Invest. Co., 115 N.J. Eq. 411 (E. & A. 1933).
If the party against whom the receiver seeks relief is not a party to the receivership action and the other party is asserting that it owns the property in question, separate suit should be filed, Grobholz v. Merdel Mtg. Invest. Co., supra; Jersey City, etc., Inc. v. Hudson, etc., Co., 116 N.J. Eq. 548 (E. & A. 1934); 75 C.J.S. Receivers § 124 (1952). The receiver, being an officer of the court, should normally seek the appointing court's leave to undertake legal action, in the absence of a provision in the appointing instrument granting that authority. It is discretionary with the court to permit the proposed litigation. The likelihood of success and the cost to the fund are factors to be considered. 2 Clark, op. cit., § 583 (a); 75 C.J.S. Receivers § 321; Denver City Waterworks Co. v. Amer. Waterworks Co., 81 N.J. Eq. 139 (Ch. 1913) aff'd 82 N.J. Eq. 365 (E. & A. 1913). Where the receiver asserts ownership of the property and the receiver's ownership is not disputed then he may move summarily in the action in which he was appointed to obtain an order to turn over the subject *169 property. Grobholz v. Merdel Mtg. Invest., supra, 115 N.J. Eq. at 416; De Stefano v. American Almond Co., 107 N.J. Eq. 156 (Ch. 1930). Cf. M. Rutkin Elec. Supply Co., Inc. v. Burdette Elect., Inc., 98 N.J. Super. 378 (Ch. Div. 1967) (where nature of property creates dispute as to who has possession).
In the present case it is a bank that holds the funds in question, both in accounts and under a claim of right. The distinction is recognized in 2 Clark, op. cit., § 632:
When a bank has deposits which a receiver was appointed to receive, conduct of the bank in preventing the receiver from obtaining the possession of that which he was appointed to receive may be in default of the court's order. In such case the bank should intervene pro interesse suo and set up its rights, for the possession of the receiver would not defeat any title, claim or right which it might have in a fund which it received after the receiver's title to the possession accrued. In respect to such deposits, a petition by the receiver to prevent such interference and to compel the surrender of the funds so seized is not bad practice and does not deprive the defendant of a full and orderly hearing, and its rights are and will be as fully protected as in an independent suit.
Where a bank to which an insolvent corporation was indebted was not a party to an action by a stockholder for the administration of the corporation's assets, it was error for the court to direct the bank to pay over to the receiver of the corporation the amount of the corporation deposits with the bank, pending a determination of the bank's right to set off such deposit against the corporation debt. [at 1045]
Thus, in the first action the receiver moved summarily for possession of funds held in account and in the second or ancillary proceeding, where there is a disputed claim, brought suit in a plenary fashion.
In the second action an order was entered on October 18, 1976 authorizing the receiver to institute suit against United and Springfield. The determination of the appointing court having been made, the receiver's ability to bring the action is perfected and the cause must therefore be allowed to proceed on the merits.
NOTES
[1] For a discussion of the effect of the characterization of the receiver, i.e., statutory, custodial, pendente lite, equitable, see 1 Clark, op. cit., § 19.1; Lust v. Kolbe, 31 Md. App. 483, 356 A.2d 592 (Ct. Spec. App. 1976).