J. C. STRIBLING v. T. J. MOORE ET AL.

Decided October 21, 1903.

**Limitation—When It Begins to Run.**

The principle established by the decisions in this State is that the cause of action does not accrue until the happening of the contingency upon which the extent of liability is made to depend, and that if, at the instance of the defendant, the happening of the condition is postponed and liability thereafter repudiated and denied by him, limitation will then commence to run from the time of such denial and repudiation.

Appeal from the District Court of Llano. Tried below before Hon. Clarence Martin.

*McLean & Spears,* for appellant.

*Chas. L. Lauderdale,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action brought by the appellant against appellees on a contract for the sale of certain fences by appellant to appellees and to recover the contract price therefor. The court sustained a special exception to the petition on the ground that the plaintiff's cause of action accrued more than two years before the institution of the suit. The appellant declining to amend, judgment was rendered dismissing the case, from which judgment the appellant appealed.

The suit was filed in the District Court of Llano County on the 26th day of November, 1902, and amended original petition was filed May 19, 1903, the allegations of which, so far as necessary to pass upon the questions raised, are as follows:

That on or about the 1st day of March, 1900, plaintiff, then owning and possessing certain fences and lands (which are described in another part of the petition), sold the same to the appellees, who then and there became the purchasers of the same, and then and there promised and agreed to pay the plaintiff therefor the reasonable value of said fences, such payment to be made when the fences should thereafter be measured, at such time as the parties to the contract might thereafter mutually agree upon; that from the date of said contract up to the 1st day of March, 1902, was a reasonable time in which to measure said fences, and that on or about the 1st day of March, 1900, in pursuance of said contract of sale, the plaintiff did then and there deliver to the defendants his possession of said lands and fences, and thereafter, on or about the 1st day of May, 1900, and at divers and sundry times thereafter, plaintiff, in pursuance of said contract, called on said defendants for the purpose of fixing a time to measure said fences, and at each and all of said times defendants stated to the plaintiff that it was not then convenient for them to fix a time to measure said fences, but promised and stated that they would be ready and willing to do so later, until on

or about the 1st day of April, 1902, when the defendants for the first time repudiated said contract, and refused to measure said fences; that by reason of the premises defendants promised to pay plaintiff on the 1st day of April, 1902, the reasonable value of said fences, as they existed on the 1st day of March, 1900, which is alleged to be the sum of $1200.

This court, in National Cotton Oil Co. v. Taylor, 45 S. W. Rep., 478, in construing a contract of sale of seed, which contained a promise to pay for the seed when the same was weighed, held that limitation commenced to run, not from the date of sale, but from the time when the weight was ascertained.

The facts stated in Robinson v. Cates, 74 Texas, 409, show that a note was given which was to be paid in six months from date, but also contained a recital that it was not to be paid until title was furnished and placed of record. It was there held that limitation commenced to run only from the time of the happening of the event called for in the contract.

In Stevens v. Lee, 70 Texas, 281, it is held that limitation would not commence to run until a repudiation of the contract.

The principle decided by these cases is that the cause of action does not accrue until the happening of the contingency upon which the extent of liability is made to depend, and that if, at the instance of the defendant, the happening of the condition is postponed and liability thereafter repudiated and denied by him, limitation will then commence to run from the time of such denial and repudiation. The judgment is reversed and cause remanded.

*Reversed and remanded.*