TERRY COUNTY AIRPORT BOARD et al.,
Appellants,

v.

Lonnie D. CLARK d/b/a Clark Aerial
Service, Appellee.

No. 7335.

Court of Civil Appeals of Texas.

Amarillo.

May 11, 1964.

E. L. Hamilton, County Atty. (One Appeal Only), Brownfield, for appellants.

Hackney & Crawford, Brownfield, for appellee.

NORTHCUTT, Justice.

For convenience, appellants' statement of the nature and result of the case will be used. Appellee, Lonnie D. Clark d/b/a Clark Aerial Service, brought this suit in the District Court of Terry County, Texas, against appellant, the Terry County Airport Board, Terry County, Texas, said Board being composed of John J. Kendrick, A. Earl Jones, D. L. Pemberton, R. L. Burnett, and Jake Geron. Appellee's petition was to enforce an alleged contract, either written or oral, by and between the appellee and the Terry County Airport Board or by and between appellee and the City of Brownfield, Texas, who assigned the rights of the county airport to the appellant and to have the court grant him a site on said airport in compliance with his alleged contract dated August 2, 1956. The appellee's petition also prayed that he, the appellee, be granted the same privilege as was and had been extended to other operators of a like class and character as the appellee. Appellee also contended that the Commissioners Court of Terry County had also granted him a site on said airport.

The case was tried to a jury upon four special issues. In answer to said issues, the jury found that Terry County through its Commissioners Court by a resolution voted, passed and adopted leased to appellee airport space for his spraying operations; that appellee offered to accept said lease contract from Terry County and that appellee was ready, willing and able to accept and perform the duties and obligations under said lease contract. In answer to the fourth special issue the jury found the contract prepared by the Terry County Airport Board, and presented to the appellee, was not a reasonable and uniform contract for the same class of privilege or service and with due regard to the property and improvements used and expenses of operation to the municipality.

Upon the findings of the jury, appellee was granted judgment for a site on the Terry County Airport. The site granted by the judgment was the same space originally granted by the county and delivered to the appellee. From the judgment of the trial court the appellants perfected this appeal.

By appellants' first and second points of error it is contended the trial court erred in overruling appellants' plea in abatement since appellee had not exhausted the administrative remedies available to him prior to instituting this suit in the trial court. We are familiar with the rule that an aggrieved party must, before appealing to the courts, exhaust the remedy provided by law for determination of rights at hearing before administrative agency. We have not been cited to any authority, and neither have we found any, showing the appellee had any relief provided him by appealing to any administrative agency. This was a suit upon a contract and to require appellants to grant him the same rental rate given to others in like service. The County Commissioners had established a County Airport Board with jurisdictions over all operations of the airport. Said airport board recognized the lease contracts of other parties that were in the same kind of business as the appellee in which they were charged an annual rental of one dollar but said Board demanded $1,100 annual rental of appellee. Since we find no administrative relief provided for appellees, we must consider the Federal Aviation Program titled 49 U.S.C.A. § 1506 which provides nothing contained in that chapter should in any way abridge or alter the remedies existing at common law or by statute but the provisions of that chapter were in addition to such remedy. Therefore, said section applies to remedies arising under state law as well as Federal remedies. Porter v. Southeastern Aviation, Inc., D.C. Tenn., 191 F.Supp. 42; Southeastern Aviation, Inc. v. Hurd, 209 Tenn. 639, 355 S.W.2d

436. We are of the opinion, and so hold, that when the County Commissioners had refused to consider appellee's application for a site on the Terry County Airport, for the reason that the matter was within the jurisdiction of the Terry County Airport Board, and not within the jurisdiction of the Commissioners Court of Terry County, and Terry County Airport Board had refused appellee the same lease rates as granted to other persons in like business; that such rates required of appellee were unreasonable and not uniform as required under Article 46d–4(a) and that appellee's only remedy was in the courts. Appellants' points one and two are overruled.

By appellants' third point of error it is contended there is no evidence to support the answer of the jury to special issues numbers one, two and three wherein the jury found that the Commissioners Court in the summer of 1957 leased to appellee an airport space for his spraying operation; that appellee offered to accept the contract of lease from appellant; and that appellee was ready, willing and able to accept and perform such lease because the same was barred by the two and four year statute of limitations. Appellants' point four is the same as point three except it contends there was insufficient evidence to sustain the findings of the jury and was barred by the two and four year statute of limitations.

█ The airport in question was owned by the City of Brownfield in 1956 and the City Council directed the city manager to execute a contract for the appellee to use the local airport. Soon thereafter the airport was conveyed to Terry County. In 1957 the appellee appeared before the commissioners of Terry County and requested a site on the airport at which time he was granted a location on the airport and Commissioner Tankersley was directed to grade off a landing strip for appellee. Tankersley did grade off the location as directed by the Commissioners Court and the appellee moved onto the strip so graded. Subsequent to the county taking over the airport the County Commissioners set up the Terry County Airport Board with full authority to handle and control the airport. Said Board assumed full operation of the airport on January 1, 1959. The appellee appeared before the airport board several times to get the board to honor his contract. In February 1961 the board refused his contract by tendering a new contract requiring appellee to pay an annual rental of $1,100, being $1,099 over the former contract. This action was taken as to appellee although the Board recognized the contract of other parties in the same kind of spraying business as the appellee in which the other parties were to pay one dollar per year for their location on said airport. Such action was not a reasonable and a uniform charge for the same class of privilege of service as required under Article 46d–4(a) of Vernon's Ann.Texas Revised Civil Statutes. After the Board in February 1961 made this refusal to permit a site on the airport unless he agreed to pay $1,100 this suit was filed in December 1961. Appellee never knew that appellants did not permit him to continue use of the airport under his contract until the action in February 1961 which required him to pay $1,100 annual rental payment. February 1961 is the date appellee's contract was repudiated and the statute of limitations did not begin to run until the date of repudiation. It is stated in Goodwin v. Southtex Land Sales, Tex. Civ.App., 243 S.W.2d 721 (N.R.E.) as follows:

"The Texas cases are in accord. In cases of breach of contract following delayed performance the rule is that the statute of limitations does not begin to run until it appears that the party in default has repudiated the contract and will not continue performance thereunder. Henrietta Nat. Bank v. Barrett, Tex.Civ.App., 25 S.W. 456; Stribling v. Moore, 33 Tex.Civ.App. 297, 76 S.W. 593; St. Louis Southwestern R. Co. of Texas v. Davy Burnt Clay Ballast Co., Tex.Civ.App., 288 S. W. 855; City and County of Dallas Le-

vee Imp. Dist. v. Halsey, Tex.Civ.App., 202 S.W.2d 957."

Appellants' points three and four are overruled.

▮ The fact that appellants recognized the contracts of other persons in like business as that of appellee where they were charged an annual rental of one dollar and requiring appellee to pay an annual rental of $1,100 is sufficient proof that same was unreasonable and not uniform. When the commissioners gave a site on the airport and directed Tankersley, one of the commissioners, to grade a certain space for appellee and Tankersley graded such site and appellee went onto such site an implied contract was presumed from the circumstances and conduct of the parties. It is stated in Turners, Inc. v. Klaus, 341 S.W.2d 182 (N.R.E.) as follows:

"A contract implied in fact arises when 'the acts of the parties are such as to indicate * * * a mutual intention to contract, as where one accepts the tendered service of another under circumstances justifying the inference that such other expected to be paid for such services.' Marr-Piper Co. v. Bullis, Tex.Com.App., 1 S.W.2d 572; Kuhlmann's Estate v. Poss, Tex.Civ.App., 220 S.W. 564; Southwestern Portland Cement Co. v. Latta & Happer, Tex.Civ.App., 193 S.W. 1115, 1125; 13 Tex. Jur.2d, Contracts, § 5."

Appellants' fifth and sixth points of error are overruled.

▮ By appellants' seventh point of error it is contended the court erred in submitting the special issues contained in the charge to the jury whereby the test was a preponderance of the evidence. The first three issues involved the question whether or not the appellee had a contract for a site upon the airport. The fourth issue was whether the contract submitted by the airport board was reasonable and uniform. The appellants never objected to the charge of the court as submitted. Rule 272 provides objections shall in every instance be presented to the court before the charge is read to the jury and all objections not so made and presented shall be considered as waived. Where the airport is exercising its delegated authority, its actions are prima facie valid and the burden was upon appellee to show the actions of appellants were unreasonable and not uniform. Miller v. Tarry, Tex.Civ.App., 191 S.W.2d 501 (N.R.E.). Appellants' seventh point of error is overruled.

Judgment of the trial court is affirmed.