CENTRAL POWER AND LIGHT
COMPANY, Appellant,

v.

The PUBLIC UTILITY COMMISSION
OF TEXAS et al., Appellees.

No. C–1684.

Supreme Court of Texas.

March 30, 1983.

Rehearing Denied May 18, 1983.

Kleberg, Dyer, Redford & Weil, Joe N. Pratt and W.N. Woolsey, McGinnis, Lochridge & Kilgore, B.D., St. Clair, Austin, Schneider & McWilliams, J.R. Schneider, George West, for appellant.

Jim Mattox, Atty. Gen., Andrew Kever and Fernando Rodriguez, Asst. Attys. Gen., Austin, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, Neil Norquest, McAllen, for appellees.

CAMPBELL, Justice.

This is a direct appeal. The trial court affirmed an order of the Public Utilities Commission (the Commission) which required Central Power and Light Company (CPL) to disconnect electric utility service to Shirley's Steakhouse. The trial court also denied CPL's request for a permanent injunction against the order of the Commission. We affirm the judgment of the trial court.

Prior to 1980, Shirley's Steakhouse was located outside the city limits of Beeville in an area dually certificated to CPL and San Patricio Electric Cooperative (SPEC). The

steakhouse was being supplied electricity by CPL. In 1980, Beeville annexed the area in which the restaurant is located. After the annexation, the restaurant requested disconnection from CPL so that it could be supplied electricity by SPEC. CPL has refused to disconnect the restaurant, claiming SPEC has no authority to begin new service within an annexed part of a city or town.

The question is whether the statute granting the Commission the authority to certificate and regulate public utilities[1] expressly or impliedly repeals any provision of the Electric Cooperative Corporation Act[2] (ECCA). In 1957, we construed the ECCA to prevent cooperatives from extending service to new locations within an annexed area. *State v. Upshur Rural Electric Cooperative Corp.,* 156 Tex. 633, 298 S.W.2d 805 (1957). Consistent with *Upshur,* section 3(2) of the ECCA was amended the same year to read:

> If any area in which such corporation is furnishing electric service to its members is annexed by an incorporated city or town ... in which central station service is supplied ... by a public utility corporation, the co-operative corporation is authorized to continue to furnish electric energy to any ... structure ... to which the co-operative corporation was delivering electric energy on the date of such annexation....

The Public Utility Regulatory Act (PURA), enacted in 1975, contains several provisions which affect or conflict with the ECCA. These provisions are:

(1) Sections 3(c) and 49(a) which define "public utilities" and "retail public utilities" to include cooperative corporations;

(2) Section 55(a) which provides:

> If an area has been or shall be included within the boundaries of a city, town, or village as the result of annexation, ... all public utilities certified or entitled to certification under this Act to provide service or operate facilities in

such area prior to the inclusion shall have the right to continue and extend service in its area of public convenience and necessity within the annexed or incorporated area, pursuant to the rights granted by its certificate and this Act;

(3) Section 58 which requires holders of certificates of public convenience and necessity to serve every customer within its certified area;

(4) Section 90 which provides that "all other laws and parts of laws in conflict with this Act are repealed effective September 1, 1976."

CPL contends the *Upshur* decision and section 3(2) of the ECCA should control this case and prevent SPEC from servicing the restaurant. CPL argues the PURA and the ECCA serve different purposes: the PURA is intended to regulate utilities; the ECCA is intended to define the powers of cooperatives.

We hold the PURA repeals section 3(2) of the ECCA and nullifies *Upshur* when certification of a cooperative is determined to be in the public convenience and necessity. The PURA was intended to "establish a comprehensive regulatory system which is adequate to the task of regulating public utilities." Tex.Rev.Civ.Stat.Ann. art. 1446c § 2. A necessary corollary of the authority to establish a comprehensive regulatory system is the power to certificate public utilities. This power was given to the Commission by section 50 of the PURA. Where, as here, that power has been exercised and a cooperative has been granted a certificate to serve a specific area, sections 55 and 58 of the PURA give the certificated utility the right and the duty to continue and extend service to all persons within the certificated area. Section 55 provides that all "public utilities" certified under the Act shall have the right to continue and extend service within their certificated area, even after annexation.

1. The Commission's authority comes from the Public Utility Regulatory Act. Tex.Rev.Civ. Stat.Ann. art. 1446c.

2. Tex.Rev.Civ.Stat.Ann. art. 1528b.

CPL contends the ECCA limits the certification of cooperatives by precluding them from extending service within an annexed area. We do not agree. The only limitation placed upon the Commission by the PURA is that no certificate shall be issued unless "the present or future public convenience and necessity require or will require such installation, operation, or extension." Tex.Rev.Civ.Stat.Ann. art. 1446c § 50(1). It is essential for the effectiveness of the comprehensive regulatory system that the Commission have the authority to certificate any public utility to operate in an area when it has determined the public convenience and necessity requires certification. The annexation of an area previously certificated to a cooperative will not change that determination.

CPL further contends section 36 of the ECCA prohibits the repeal of section 3(2) by the PURA. Section 36 states:

> This Act is complete in itself and shall be controlling. The provisions of any other law of this State, except as provided in this Act, shall not apply to a corporation organized, or in process of organization, under this Act.

We hold section 36 of the ECCA does not limit the PURA. A legislature cannot prevent future legislatures from amending or repealing a statute. *Watts v. Mann,* 187 S.W.2d 917 (Tex.Civ.App.—Austin 1945, writ ref'd). Section 55 of the PURA has repealed section 3(2) of the ECCA when, as here, the two are inconsistent. The general repealer clause in the PURA controls. It provides, "all other laws and parts of laws in conflict with [the PURA] are repealed." Tex.Rev.Civ.Stat. Ann. art. 1446c § 90.

The judgment of the trial court is affirmed.