

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 19, 2004

The Honorable Mike Krusee
Chair, Committee on Transportation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0190

Re: Whether a county may lease airport land without engaging in competitive bidding (RQ-0137-GA)

Dear Representative Krusee:

You ask whether a county may lease airport land without competitive bidding.[1] Although you asked about selling or leasing airport land, we have been informed that only leasing, not selling airport land is at issue.[2]

## I.    Background Information

The land in question is part of the Kerrville Airport, a public use airport jointly sponsored by the City of Kerrville and Kerr County.[3] The airport management plans that a hangar and other facilities will be constructed on airport property and leased to a private operator who has agreed to conduct an aviation business from that location. In addition, the management intends to consider lease renewals for existing tenants. *See* Pearce Letter, *supra* note 3, at 1. The rates for lease renewals and new land leases will be fair market value, as established by comparisons with local property and other "like airports" for "like services." *Id.*

The Kerrville Airport has received federal funds for improvements and is subject to federal law and Federal Aviation Administration rules and guidelines prohibiting the grant of exclusive rights to any person providing aeronautical services to the public. *See* 49 U.S.C. § 40103(e) (2000) (a person does not have an exclusive right to use an air navigation facility on which government money has been expended, subject to exceptions); 14 C.F.R. § 151.121 (2003) (airport sponsor must

---

[1]Letter from Honorable Mike Krusee, Chair, Committee on Transportation, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Nov. 18, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Telephone conversation with Dave Pearce, Manager, Kerrville Airport (Mar. 5, 2004).

[3]Letter from Dave Pearce, Manager, Kerrville Airport, to Honorable Mike Krusee, Chair, Committee on Transportation, Texas House of Representatives (Nov. 5, 2003) (attached to Request Letter, on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Pearce Letter].

adopt covenant implementing exclusive rights provision); *see also* FEDERAL AVIATION ADMINISTRATION, U.S. DEPT. OF TRANSP., Order 5190.6A (Oct. 2, 1989) (Airport Compliance Handbook)[4] 3-9a. (single activity not necessarily an exclusive right). We are informed that the contract will comply with federal requirements, and we do not address this issue. *See* Pearce Letter, *supra* note 3, at 1.

## II.    Local Government Code Chapter 263

You ask whether a county may lease airport land to one company for airport purposes without adhering to the competitive bidding requirements in Local Government Code chapter 263. *See id.* at 2. The commissioners court has only the authority to contract on behalf of the county that the Texas Constitution and statutes confer either expressly or by necessary implication. *See Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) (county may lease land to private individual for development only pursuant to predecessor of Local Government Code chapter 263). Prior to 1973, counties lacked general statutory authority to lease their real property, although specific statutes authorized counties to lease county-owned land for certain purposes such as airports and hospitals. *See* Tex. Att'y Gen. LO-89-029; Tex. Att'y Gen. Op. No. M-799 (1971); *see also* TEX. HEALTH & SAFETY CODE ANN. § 263.029 (Vernon 2001); Tex. Att'y Gen. Op. Nos. JM-335 (1985) (county authority to sell or lease county hospital), M-758 (1970) (authority to lease airport property). A 1973 amendment to the predecessor of section 263.001 gave counties general authority to lease their real property. *See* Act of June 14, 1973, 63d Leg., R.S., ch. 499, § 1, 1973 Tex. Gen. Laws 1329-30 (amending former article 1577, Vernon's Texas Civil Statutes (1925)); *see also* Act of May 13, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1035-37 (codifying former article 1577 as Local Government Code sections 263.001-.006 in nonsubstantive revision of statutes relating to local government). This authority is now found in Local Government Code section 263.001.

Section 263.001(a) provides that a commissioners court, "by an order entered in its minutes, may appoint a commissioner to sell or lease real property owned by the county." TEX. LOC. GOV'T CODE ANN. § 263.001(a) (Vernon 1999). "The sale or lease must be made at a public auction held in accordance with this section unless this chapter provides otherwise." *Id.* Section 263.007 authorizes a county to adopt a procedure for selling or leasing county real property through sealed bids or sealed proposals.

Section 263.051(a) expressly relates to airport land, authorizing a commissioners court to lease to any person "any land acquired, by a purchase or gift, by the county for an airport and . . . lease any facilities on that land, unless the lease is prohibited by the terms of the grant of the land to the county." *See id.* § 263.051(a). The commissioners court shall determine the conditions of the lease, *see id.* § 263.051(b), and may lease the land for purposes other than airport purposes. *See id.* § 263.051(c)(1) (proceeds from airport land leased for purposes other than airport purposes); *see also id.* § 263.051(b) (commissioners court may make contracts relating to the county's mineral interests in the airport land); TEX. NAT. RES. CODE ANN. §§ 71.006, .008 (Vernon 2001) (political subdivision

---

[4]*Available at* http://www.faa.gov/arp/compliance/#general (visited Mar. 10, 2004).

must lease land for mineral development by competitive bidding or public auction). Attorney General Letter Opinion LO-95-066 concluded that either section 263.001(a) or section 263.007 applied to leasing airport land under Local Government Code section 263.051, because nothing in section 263.051 was "inconsistent with the auction requirements of section 263.001 or the bid-or proposal-requirements of section 263.007." *See* Tex. Att'y Gen. LO-95-066, at 2. Section 263.051 does not authorize a county to lease airport property by any method other than the auction and sealed bid or sealed proposal methods provided in sections 263.001 and 263.007 respectively.

## III.    Lease of County Airport Land Under Transportation Code Chapter 22

As we have already pointed out, Local Government Code section 263.001(a) provides that "[t]he sale or lease [of real property owned by the county] must be made at a public auction held in accordance with this section unless this chapter provides otherwise." TEX. LOC. GOV'T CODE ANN. § 263.001(a) (Vernon 1999). Despite the quoted language, the legislature is not required to amend Local Government Code chapter 263 in order to allow a county to sell or lease airport property by some means other than an auction or competitive bidding. Texas Constitution article III, section 1 vests the state's legislative power in the Texas Legislature. *See* TEX. CONST. art. III, § 1. The legislature has power to enact any law not in conflict with the state or federal constitutions or with federal laws. *See Jordon v. Crudgington*, 231 S.W.2d 641, 645 (Tex. 1950), *De Shazo v. Webb*, 113 S.W.2d 519, 523 (Tex. 1938). It may also adopt, amend, and repeal laws subject only to limitations imposed by the state and federal constitutions and federal statutes. *See Walker v. Baker*, 196 S.W.2d 324, 328 (Tex. 1946); Tex. Att'y Gen. Op. No. GA-0046 (2003) at 4. A legislature cannot by statute limit a future legislature's constitutional authority to adopt, amend, and repeal laws. *See Cent. Power and Light Co. v. Pub. Util. Comm'n*, 649 S.W.2d 287, 289 (Tex. 1983), *Watts v. Mann*, 187 S.W.2d 917, 924 (Tex. Civ. App.–Austin 1945, writ ref'd). Section 263.001(a) does not bar us from looking to other statutes for county authority to lease or sell airport property.

Transportation Code chapter 22, which authorizes local governments to establish and operate airports and air navigation facilities, provides additional authority for counties to lease airport land. *See* TEX. TRANSP. CODE ANN. §§ 22.020-.021, 22.024 (Vernon 1999 & Supp. 2004) (authorizing local governments to lease and otherwise contract with respect to airports and air navigation facilities); *see also id.* § 22.001(6) (Vernon 1999) (defining local government as a municipality or a county). An "airport" is an area used for aircraft to land and take off; a related area used for an airport building or other airport facility or right-of-way; and an airport building or facility located on a related area. *Id.* § 22.001(2). An "air navigation facility" is

> (A) a facility, other than one owned and operated by the United States, used in or available or designed for use in aid of air navigation, including a structure, mechanism, light, beacon, marker, communications system, or other instrumentality;

> (B) a device used or useful as an aid in the safe landing, navigation, or takeoff of aircraft or the safe and efficient operation or maintenance of an airport; or

(C) a combination of those facilities or devices.

*Id.* § 22.001(1).

Transportation Code chapter 22 grants cities and counties numerous express powers necessary to establish, build, maintain, operate and regulate airports and air navigation facilities, including authority to "enter into a contract necessary to the execution of a power granted the local government and for a purpose provided by this chapter." *Id.* § 22.019; *see also id.* § 22.011 (general powers regarding airports and air navigation facilities). Local governments may adopt the ordinances, resolution, rules, and orders necessary to manage and govern the airport or air navigation facility. *Id.* § 22.014(a). Transportation Code chapter 22 includes provisions on selling and leasing an airport or air navigation facility. *See id.* §§ 22.020, 22.021(a), 22.024 (Vernon 1999 & Supp. 2004). All leasing provisions are subject to the terms of a grant, loan, or arrangement under Transportation Code section 22.055, which requires a local government to accept and spend federal and state money on the terms prescribed by the grantor and consistently with state law. *See id.* § 22.055 (Vernon 1999).

We first consider a county's authority to lease airport land under section 22.024(a), a provision construed by a prior attorney general letter opinion. *See* Tex. Att'y Gen. LO-95-066. Section 22.024(a) provides that

> [a] local government may dispose of an airport or air navigation facility or other property, or a portion of or interest in property, acquired under this chapter in any manner, *subject to the laws of this state or provisions of the charter of the local government governing the disposition of other property of the local government.*

TEX. TRANSP. CODE ANN. § 22.024(a) (Vernon Supp. 2004) (emphasis added).

Section 22.024(a) expressly subjects dispositions of an interest in a county airport to Local Government Code chapter 263, the state law governing dispositions of other county property. *See* Tex. Att'y Gen. LO-95-066, at 2. The legislature has further revealed its intent about transactions under section 22.024(a) by exempting certain narrowly defined transactions from its requirements. For example, "notwithstanding Subsection (a)," a local government may dispose of airport property to another local government or a state or federal agency "for use for aeronautical purposes . . . in the manner and on the terms the governing body of the local government considers to be in the best interest of the local government." TEX. TRANSP. CODE ANN. § 22.024(b) (Vernon Supp. 2004); *see also id.* § 22.024(d) (municipal competitive bidding statutes not applicable to municipal sales, leases and other dispositions of certain airport navigation facility real property). Section 22.024(a) does not authorize a county to lease airport land without complying with Local Government Code section 263.001 or 263.007.

We now consider sections 22.020 and 22.021. Section 22.020 provides that a local government, "by contract, lease, or other arrangement, on a consideration fixed by the local government and for a term not to exceed 40 years," may authorize a qualified person to operate its

airport. *Id.* § 22.020 (Vernon 1999). Section 22.021(a) authorizes a local government to enter into a contract, lease, or other arrangement for a term not exceeding 40 years with a person

> (1) granting the privilege of using or improving the airport or air navigation facility, a portion or facility of the airport or air navigation facility, or space in the airport or air navigation facility for commercial purposes;

> (2) conferring the privilege of supplying goods, services, or facilities at the airport or air navigation facility; or

> (3) making available services to be furnished by the local government or its agents at the airport or air navigation facility.

*Id.* § 22.021(a). The local government may establish the terms of the contract, lease, or other arrangement and fix the charges, rentals, or fees for the privileges or services. *Id.* 22.021(b). "The charges, rentals, and fees must be reasonable and uniform for the same class of privilege or service and shall be established with due regard to the property and improvements used and the expenses of operation to the local government." *Id.* Sections 22.020 and 22.021 involve more than a lease of land, because the lease or contract must be for airport or air navigation purposes. While some persons may merely contract for hangar space or to use the airport to conduct business, other lessees may agree to provide facilities or services that are essential to operating an airport or air navigation facility. *See Flippin v. City of Beaumont*, 525 S.W.2d 285 (Tex. Civ. App.--Beaumont 1975, no writ) (operation of airport by third party under lease), *Terry County Airport Bd. v. Clark*, 378 S.W.2d 932, 934 (Tex. Civ. App.--Amarillo 1964, no writ) (lease of airport space for spraying operations); Tex. Att'y Gen. Op. No. JM-855 (1988) at 3 (county may not lease hangar space to county judge).

## IV.    Conclusion

Transportation Code chapter 22 is a special provision applicable to city and county airports and it includes provisions on selling and leasing an airport or air navigation facility, while Local Government Code chapter 263 establishes general rules for the lease and sale of county land. "If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998). If the conflict cannot be reconciled, "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b).

Transportation Code chapter 22 was adopted in 1995 in a nonsubstantive codification of statutes on transportation. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1045-57. Its predecessor, article 46d, Texas Civil Statutes (1925), was adopted in 1947. *See* Act of Apr. 10, 1947, 50th Leg., R.S., ch. 114, 1947 Tex. Gen. Laws 183. Local Government Code section 263.001 was adopted in 1987 in a nonsubstantive codification of statutes pertaining to local government. *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1035-36. Its predecessor, Vernon's Texas Civil Statutes article 1577, was adopted in 1925, and

its earlier predecessors go back to 1846. *See* Act of May 11, 1846, 1st Leg., § 9, 1846 Tex. Gen. Laws 320, 322 (county court may appoint a commissioner to sell and dispose of any county real estate at public auction). Former article 1577 and its predecessors did not state that a sale or lease of county property "must be made at a public auction held in accordance with this section" but it has long been construed as the only way in which a county could dispose of real property. *See Ferguson v. Halsell*, 47 Tex. 421 (1877) (applying predecessor of article 1577), *Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) (construing article 1577, relying on *Ferguson*). Transportation Code chapter 22 is later in time than Local Government Code chapter 263. There is no indication that the legislature intended Local Government Code chapter 263 to prevail over Transportation Code chapter 22. In fact, Transportation Code section 22.024(a) suggests the contrary, in that it incorporates the laws governing the disposition of other county property. To the extent that chapter 22 and chapter 263 conflict, chapter 22, the more specific law with respect to county airport land and also adopted later in time, operates as an exception to chapter 263.

Sections 22.020 and 22.021, in contrast to section 22.024(a), do not subject county leases of airport land to other state laws "governing the disposition of other property of the local government." TEX. TRANSP. CODE ANN. § 22.024 (Vernon Supp. 2004). Moreover, sections 22.020 and 22.021 involve more than a lease of public land. Leases under these provisions must be for airport or air navigation purposes, and they may include responsibility for operating an airport or for providing services necessary to operate an airport or an air navigation facility. While auctioning a lease would secure the highest price, it would not necessarily secure the expertise and other qualities needed to carry out the responsibilities that accompany the lease. Reading sections 22.020 and 22.021 in their context in Transportation Code chapter 22, we conclude that the legislature intended sections 22.020 and 22.021 to authorize lease transactions according to their terms, without incorporating requirements from Local Government Code chapter 263. A lease of county airport land under section 22.020 or 22.021 does not have to be made at an auction, *see* TEX. LOC. GOV'T CODE ANN. § 263.001 (Vernon 1999), or by sealed bid or sealed proposal, *see id.* § 263.007 (Vernon Supp. 2004), in counties that have adopted that procedure. Leases of airport land under Transportation Code section 22.024(a) or Local Government Code section 263.051, however, are subject to Local Government Code chapter 263.

## S U M M A R Y

Government Code chapter 263 requires a county commissioners court to lease county land at a public auction or by a sealed-proposal or sealed-bid procedure. When a county leases county airport land under Local Government Code section 263.051 or Transportation Code section 22.024(a), it must comply with Local Government Code chapter 263. When it leases airport land pursuant to Transportation Code section 22.020 or 22.021, the county is not required to comply with Local Government Code chapter 263.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee